# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**Not for Publication**

ROXANNE MAYS,

    *Plaintiff*,

v.

EDUARDO TOLOZA, ROBERT KAKELESKI, MUHAMMED AKIL, CITY OF JERSEY CITY,

    *Defendants*.

Civil Action No. 13-cv-06108

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This case concerns alleged discrimination and personal injury that Plaintiff Roxanne Mays suffered during her time as a Deputy Tax Assessor in Jersey City, New Jersey. At issue is the deposition of psychiatrist Dr. M.A. Rifai, Plaintiff's treating physician and expert witness. It appears that during a telephone conference with Magistrate Judge Clark on December 9, 2016, Plaintiff requested that Dr. Rifai be represented by his own counsel during his deposition. D.E. 117. Judge Clark instructed Plaintiff to submit a letter indicating why Dr. Rifai should be allowed his own counsel. D.E. 117. Plaintiff submitted the letter on December 20, 2016, and Defendant responded on July 3, 2017. D.E. 120, 122. After a phone conference between the parties on January 3, 2017, Judge Clark issued a letter order denying Plaintiff's request. D.E. 124 (Transcript at D.E. 127 Attachment 1). Plaintiff filed the instant appeal of Judge Clark's decision on February 6, 2017, seeking an order from this Court allowing Dr. Rifai to have his own counsel present at his deposition. D.E. 126.

## I. Background & Procedural History

The following facts are derived from Plaintiff's Complaint (Ex. A to D.E. 1). Plaintiff alleges that while working as a Deputy Tax Assessor for the City of Jersey City, she was subject to systemic unfair treatment at the hands of Defendants, who sought to advance the careers of white employees while discriminating against employees of color, including Plaintiff, who is of African American and Puerto Rican ancestry. Plaintiff seeks damages for the economic losses she suffered as well as for emotional distress.

Plaintiff initially filed her Complaint in the Superior Court of New Jersey in Hudson County. D.E. 1. Defendants removed the action to the District Court on October 15, 2013. D.E. 1. Discovery is ongoing.

## II. Standard of Review

A magistrate judge may hear and determine any non-dispositive pretrial matter pursuant to 28 U.S.C. § 636(b)(1)(A). A district court may only reverse a magistrate's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985). Under this standard, a district court "will not reverse the magistrate judge's determination even if the court might have decided the matter differently." *Bowen v. Parking Auth. of City of Camden*, No. 00-5765, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002). The court will, however, "conduct a *de novo* review a magistrate judge's legal conclusions." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

"Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied." *Miller v. P.G. Lewis & Assocs., Inc.*, No. 05-5641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006). An abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the trial court." *Ebert v. Twp. of Hamilton*, No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016).

### III. Discussion

As an initial matter, Plaintiff has presented very little law in support of the assertion that Dr. Rifai is entitled to his own lawyer during his deposition. D.E. 120, 126. Plaintiff cites two cases in both the letter brief directed to Judge Clark and the brief on appeal to this Court: *Stamy v. Parker* and *Kull v. Arrowwood Indemnity Co.* Neither are factually similar to the instant case. *See* 138 F.R.D. 214 (D.N.J. 1990), No. 13-4343 (D.N.J. Oct. 11, 2013). Indeed, neither address the need for a treating physician or an expert witness to have independent counsel, much less during a deposition.[1] Additionally, the legal argument section of Plaintiff's brief on appeal is two pages long and offers no explanation as to why Dr. Rifai is entitled to private counsel other than his interest in the "confidentiality of his treatment of the plaintiff . . . as well as his methodology." D.E. 126-3. However, Dr. Rifai's treatment of Plaintiff and his methodology in reaching his conclusion are directly at issue in this case and Defendants can depose the doctor on both issues. What is more, there is a confidentiality order in place over the discovery in this case. D.E. 17.

---

[1] Judge Clark noted that both cases were not on point during his conference with the attorneys on this issue. D.E. 127-1 (T 3:17-20).

3

Thus, if information is revealed during the deposition that should be kept confidential outside the confines of the case, the attorneys can so designate it.

Judge Clark's decision not to permit Dr. Rafai to have his own attorney present during his deposition was not clearly erroneous nor an abuse of discretion. Plaintiff points to no evidence or law that would require this Court to come to a different result.

## IV. Conclusion

For the foregoing reasons, and for good cause shown, it is **ORDERED** that Plaintiff's appeal is **DENIED**.

Date: September 15, 2017

John Michael Vazquez
United States District Judge